IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SEAN PHILIP SCHUYLER, | ) | CIVIL 17-00277 LEK-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO AMEND AND ALTER
THE JUDGMENT PURSUANT TO FED. R. CIV. PRO. 59(E)**

On September 21, 2018, this Court issued the Order Granting Plaintiff's Appeal and Reversing the Administrative Law Judge's October 15, 2015 Decision ("9/21/18 Order"). [Dkt. no. 21.[1]] On October 19, 2018, Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), filed her Motion to Amend and Alter the Judgment Pursuant to Fed. R. Civ. Pro. 59(e) ("Motion for Reconsideration"). [Dkt. no. 23.] Plaintiff Sean Philip Schuyler ("Plaintiff") filed his memorandum in opposition on November 22, 2018, and the Commissioner filed her reply on December 4, 2018. [Dkt. nos. 27, 28.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District

---

[1] The 9/21/18 Order is also available at 2018 WL 4558466.

of Hawaii ("Local Rules").  The Commissioner's Motion for
Reconsideration is hereby denied for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in the 9/21/18 Order, which ruled on Plaintiff's appeal from Administrative Law Judge Jeffrey Hatfield's ("ALJ") October 15, 2015 Decision ("Decision" and "Appeal").  The ALJ ultimately ruled that Plaintiff was not disabled, for purposes of the Social Security Act, since February 26, 2013.  [Administrative Record ("AR") at 12-36 (Decision).]  This Court granted the Appeal and reversed the Decision, ruling that the ALJ committed legal error by rejecting Plaintiff's testimony regarding the severity of his symptoms and by rejecting the lay witness testimony regarding Plaintiff's need for one day off per week to manage his symptoms.  These errors were not harmless and, in light of these errors, the ALJ's ultimate ruling that Plaintiff was not disabled was not supported by substantial evidence.  9/21/18 Order, 2018 WL 4558466, at *13.  This Court remanded the case to the ALJ to make a determination that Plaintiff was disabled during the period in question and to make an award of benefits.  Id. at *14.  Final judgment was entered on September 21, 2018.  [Dkt. no. 22.]

In the Motion for Reconsideration, the Commissioner argues this Court should amend the judgment and affirm the ALJ's

Decision because the 9/21/18 Order is based on the following manifest errors: 1) misstatements of the findings that William Marks, Ph.D., made regarding Plaintiff's limitations; 2) failure to give the deference that the substantial evidence standard of review requires be given to an ALJ's rulings; and 3) failure to follow the ordinary remand rule.

## **STANDARD**

The Commissioner filed the Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), and it was timely filed within twenty-eight days after the entry of judgment.

> Amending a judgment after entry is "an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). A Rule 59(e) motion may be granted if:
>
> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.
>
> Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In unusual circumstances, a court may also consider other grounds for amending or altering a judgment under Rule 59(e). Id. (allowing amendment for clerical errors). . . .

Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016). Rule 59(e) motions "may not be

3

used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation and quotation marks omitted).

## **DISCUSSION**

### I. Dr. Marks's Opinion

The Commissioner argues this Court made a manifest error of fact because this Court stated Dr. Marks found that Plaintiff "would have difficulty maintaining consistent job attendance and performance." See 9/21/18 Order, 2018 WL 4558466, at *11; see also id. at *12 (making a similar statement). The Commissioner contends these were manifest errors because Dr. Marks merely stated that Plaintiff "**may** have some difficulty maintaining regular employment attendance on a consistent basis as evident from past work performance," and that Plaintiff's "mental health condition **may** negatively impact consistent work performance." See Administrative Record ("AR") at 368 (page 8 of Dr. Marks's Psychological Evaluation of Plaintiff, signed 7/19/13 ("Marks Report")) (emphases added).

This Court's first statement that Plaintiff "would have difficulty maintaining consistent job attendance and performance," follows a lengthy block quote from the Marks Report, and the block quote includes the language that the

4

Commissioner relies upon in the Motion for Reconsideration. See
9/21/18 Order, 2018 WL 4558466, at *10-11. Thus, this Court was
clearly aware of the specific language of the Marks Report. This
Court's statement that Dr. Marks opined Plaintiff "**would** have
difficulty maintaining consistent job attendance and performance"
was a summary of Dr. Marks's overall opinion. Id. at *11
(emphasis added). That summary was based on all of the factors
addressed in the block quote from the Marks Report, including
Plaintiff's: "'poor interpersonal skills to work well with others
on a consistent basis'"; suspicions that others are "'exploiting
or deceiving him'" or "'trying to influence him'"; and
"'difficulty listening to authority.'" Id. at *10 (quoting AR at
368-69). The block quote and the Marks Report as a whole support
this Court's statement of Dr. Marks's overall opinion. See id.
at *11. The second "would have difficulty" statement in the
9/21/18 Order that the Commissioner alleges was a manifest error
of fact is based upon the previous summary of Dr. Marks's overall
opinion. See id. at *12. Therefore, the Commissioner's argument
that this Court's two "would have difficulty" statements
constitute manifest errors of fact is rejected. The Motion for
Reconsideration is denied as to the alleged misreading of the
Marks Report.

5

## II. <u>Required Deference to the ALJ</u>

The Commissioner next argues this Court committed a manifest error of law by not giving the deference to the ALJ's rulings that the substantial evidence standard requires. In considering Plaintiff's Appeal, this Court was clearly aware of the substantial evidence standard and the deference that the standard requires, when warranted by the administrative record. See 9/21/18 Order, 2018 WL 4558466, at *7 (describing standards applicable to judicial review of social security decisions). This Court noted that a district court must "not substitute its judgment for the ALJ's" if "the inferences reasonably drawn from the record **would support either affirmance or reversal**." Id. (emphasis added) (citing Molina v. Astrue, 674 F.3d 1104, 1110-11 (9th Cir. 2012)). In this case, the record does not support either affirmance or reversal. In the 9/21/18 Order, this Court concluded that:

> the ALJ committed legal error because: 1) the ALJ's rejection of Plaintiff's testimony regarding the severity of his symptoms was not supported by specific, clear and convincing reasons; and 2) the ALJ's rejection of the lay evidence submitted regarding Plaintiff's need for one day off per week to manage his symptoms was not supported by germane reasons.

Id. at *13. Thus, this Court concluded that "the ALJ's ultimate ruling that Plaintiff was not disabled was not supported by substantial evidence." Id. The Motion for Reconsideration's

substantial evidence argument essentially expresses the Commissioner's disagreement with this Court's ultimate conclusion on the issue of whether Plaintiff was disabled. A party's mere disagreement with a court's prior order is not a valid basis to grant relief pursuant to Rule 59(e). See, e.g., United States ex rel. Atlas Copco Compressors LLC v. RWT LLC, Civ. No. 16-00215 ACK-KJM, 2017 WL 2986586, at *2 (D. Hawai`i July 13, 2017) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988) (Kay, J.)).

Further, all of the specific arguments the Commissioner raised within the context of her argument that this Court incorrectly applied the substantial evidence standard are rejected. This includes, *inter alia*, the Commissioner's arguments regarding Plaintiff's "32-hour workweeks" and Plaintiff's previous full-time work. [Motion for Reconsideration at 10.] All of those arguments are improper attempts to relitigate issues that were before this Court when it originally considered Plaintiff's Appeal. See Exxon Shipping, 554 U.S. at 486 n.5.

The Commissioner has failed to establish that this Court committed legal error in its application of the substantial evidence standard. The Motion for Reconsideration is therefore denied as to the Commissioner's substantial evidence argument.

**III. <u>Remand for Payment of Benefits</u>**

Finally, the Commissioner argues this Court committed manifest error because it remanded the case for the determination and payment of benefits, which the Commissioner contends shows that this Court failed to follow the ordinary remand rule.  This Court acknowledged that: 1) the ordinary remand rule applies in social security cases; and 2) a remand for the award of benefits is only appropriate "'in rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'"  9/21/18 Order, 2018 WL 4558466, at *13 (quoting <u>Treichler v. Comm'r of Soc. Sec. Admin.</u>, 775 F.3d 1090, 1100 (9th Cir. 2014)).  This Court found that the instant case presented such rare circumstances, and this Court, after considering its rulings in light of the record as a whole, exercised its discretion to remand the case for the determination and award of benefits.  <u>See</u> <u>id.</u> at *14.  The Commissioner merely disagrees with this Court's analysis, and that disagreement is not a valid ground for reconsideration.  Because the Commissioner has failed to establish that this Court committed legal error in its analysis of the type of remand appropriate in this case, the Motion for Reconsideration is denied as to the Commissioner's remand argument.

The Commissioner has therefore failed to present any ground that warrants reconsideration of the 9/21/18 Order.

## **CONCLUSION**

On the basis of the foregoing, the Commissioner's Motion to Amend and Alter the Judgment Pursuant to Fed. R. Civ. Pro. 59(e), filed October 19, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 31, 2019,



　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　United States District Judge

**SEAN PHILIP SCHUYLER VS. NANCY A. BERRYHILL, ETC.; CV 17-00277 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO AMEND AND ALTER THE JUDGMENT PURSUANT TO FED. R. CIV. PRO. 59(E)**